UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY THOMAS,

    Plaintiff,

v.

DAVID BOYSEN, KALAMAZOO
DEPARTMENT OF PUBLIC SAFETY
TRAINING DIVISION,
UNKNOWN PARTY #1, and
UNKNOWN PARTY #2,

    Defendants.
_____/

Case No. 1:23-cv-946

Hon. Hala Y. Jarbou

## REPORT AND RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff Courtney Thomas. For the reasons set forth below, this complaint should be dismissed.

### I.    Discussion

This is another complaint filed by *pro se* plaintiff Thomas regarding an interaction with Glenda George and public safety officers. *See Courtney Thomas v. Boysen*, 1:23-cv-495 (W.D. Mich.). Here, Thomas sues the Kalamazoo Department of Public Safety "Training Division" (KDPS), KDPS Chief Boysen, and two unknown KDPS Officers. Thomas alleged that the unknown officers "allowed Glenda George to drive away in a vehicle at 430 Woodward Ave," in Kalamazoo, Michigan at approximately 6:00 p.m. on September 3, 2023. Compl. (ECF No. 1, PageID.1-2. Thomas alleged that defendants violated his rights because they "failed to check Glenda George [sic] credentials and drivers licenses [sic] in order to deprive Courtney Thomas of

his rights, overlooking driving laws in order to let Glenda George drive away in a co-owned vehicle of Courtney Thomas and Glenda George." *Id*. at PageID.2.

Thomas alleged federal jurisdiction under 28 U.S.C. § 139 ("Times for holding regular sessions"). Thomas sued defendants pursuant to 18 U.S.C. § 242, a federal criminal statute for "Deprivation of rights under color of law." Thomas also lists a Michigan criminal statute, M.C.L. § 257.904 ("Operation of motor vehicle with suspended, revoked, or denied license or registration or with having never applied for license; prohibitions; penalties and sanctions; sentencing").

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 5). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

2

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

As an initial matter, 28 U.S.C. § 139 does not confer federal jurisdiction. Because Thomas' complaint refers to 42 U.S.C. § 1983, the Court will presume that this is brought pursuant to 28 U.S.C. § 1331.[1] Thomas seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Here, there is no basis for Thomas' § 1983 claim because he has no private cause of action pursuant to 18 U.S.C. § 242. *See Moore v. Potter*, 47 Fed. Appx. 318, 320 (6th Cir. 2002); *Weathers v. Holland Police Department*, No. 1:13-cv-1349, 2015 WL 357058 at *2-3 (W.D. Mich. Jan. 27, 2015). With respect to the state statute, Thomas cannot simply list a state

---

[1] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

criminal statute as the basis for a federal complaint. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thomas has failed to state a claim for relief. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: September 28, 2023          /s/ Ray Kent
                                    RAY KENT
                                    U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).